# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDAL N. ROWSEY,**

        **Plaintiff,**

-vs-                                    **Case No. 6:06-cv-1427-Orl-19KRS**

**STATE OF FLORIDA, COCOA CITY POLICE, COCOA BEACH CITY POLICE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)**
>
> **FILED:**     **September 18, 2006**

On September 18, 2006, Plaintiff Randal N. Rowsey filed a complaint against the State of Florida, the Cocoa City Police Department, and the Cocoa Beach City Police Department. Doc. No. 1. Rowsey also filed an application to proceed without prepayment of fees under 28 U.S.C. § 1915. Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Rowsey's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

*See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

I.      **STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d

904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.   ALLEGATIONS OF THE COMPLAINT.

In his complaint, Rowsey alleges that "State of Florida Prosecutors Office is taking a special interest in" him. Doc. No. 1. at 2. Specifically, the State has attempted to imprison him on false charges and enroll him in psychiatric hospitalization on false information. *Id*. He also alleges that on September 1, 2006, officers of the Cocoa Beach Police Department beat him during an arrest. *Id*. Rowsey alleges that the beating resulted in two days of unconsciousness, grand mal seizures, and an inability to walk properly for several days. *Id*. at 2-3. The beating required emergency room treatment. *Id*. at 3.

Rowsey also alleges that a state court permitted his mother to evict him, despite his attempts to have review of his mother's mental capacity pursuant to the Baker Act. *Id*. at 3. Following his eviction, he has "been [harassed], arrested, and beaten by police in an effort to [maim], [mutilate], destroy him." *Id*. at 4. Accordingly, he requests an injunction "for fact finding to save" his life. *Id*.

In a second count, Rowsey reiterates these allegations, and adds that "since Oct[ober] [20]05 and present [he is] in fear of [his] life and liberty," because law enforcement officers "have taken it upon themselves to destroy" him. *Id*. at 7. He requests "help to survive." *Id.*

Rowsey also alleges that he was scheduled for a hearing to determine his mental illness needs on September 22, 2006. *Id*. at 2.

**III.    ANALYSIS.**

It is not entirely clear from the complaint what relief Rowsey seeks. While he requests an injunction, he does not specify what party should be enjoined, or what activity should be required or prohibited. Accordingly, Rowsey's complaint should be dismissed without prejudice to refiling an amended complaint that sets forth with more specificity the individuals or entities involved in the alleged violation of Rowsey's civil rights and the specific relief he seeks. *See Byrne v. Nezhat*, 261 F.3d 1075, (11th Cir. 2001)("[I]n the face of a shotgun complaint, . . . the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader."). *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B))*.*

In any amended complaint, Rowsey must name as Defendants only those persons who are responsible for the alleged constitutional violations. Rowsey must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Rowsey must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in a section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically

required for liability under 42 U.S.C. § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Rowsey's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Rowsey must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Rowsey should also be aware that a police department is not properly named as a defendant in a case. Indeed, a municipality or county is not a "person" answerable to Plaintiff in an action at law or a suit in equity under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Aldinger v. Howard*, 427 U.S. 1 (1976); *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987).

Most importantly, if Rowsey intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint. Of course, Rowsey should file an amended complaint <u>in this action</u> by placing the case number in this action on a document entitled Amended Complaint.

**IV.   RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that Rowsey's complaint, doc. no. 1, be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  I further recommend that the application to proceed without prepayment of fees, doc. no. 2, be **denied without prejudice**.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Rowsey at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 29, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy